## Long Fork Railway Company v. Stumbo, et al.

(Decided November 6, 1925.)

Appeal from Floyd Circuit Court.

1. Husband and Wife—Married Woman Not Necessary or Proper Party to Husband's Action for Destruction of His Property.—A married woman has no such interest in either real or personal

property of her living husband as makes her necessary or proper party in action by him for its destruction by negligence.

2. Witnesses—Making Wife Party in Husband's Action had Effect Only to Make Her Competent Witness for Him.—Since married woman has no such interest in husband's property as to make her either necessary or proper party in his action for its destruction by negligence, making her a party in such action had no effect except to make her competent witness for husband when she would not have otherwise been, under Civil Code of Practice, section 606.

3. Action—Amendments, Taken Together, Held Misjoinder of Causes of Action.—In husband's action against railway for loss of home and contents by fire, amendment to petition joining wife as plaintiff, without allegation that they were joint owners of property, and amendment alleging that wife should be permitted to recover named sum for value of chattel property not embraced in original petition, when taken together, held misjoinder of causes of action, one being husband's action to recover, and the other being action by wife for her property destroyed at same time.

A. B. COMBS, B. F. COMBS, COMBS & COMBS, MORRISON R. WAITE and WILLIAM A. EGGERS for appellant.

MAY, ALLEN & MAYO for appellees.

OPINION OF THE COURT BY TURNER, COMMISSIONER—Reversing.

Greenville Stumbo owned a home near the right of way of appellant's railway in Floyd county. On the 18th of November, 1921, a short time after one of appellant's trains had passed, his home was found to be on fire, and together with its contents was destroyed, only a few articles being saved.

This was originally an action by him in his own name against the railway company wherein he charges that by reason of the negligence of the company and its servants his house was set on fire, and the same and its contents destroyed, and he also alleges that defendant failed to provide its engine with a properly constructed and reasonably safe spark arrester, but provided said engine with a spark arrester which was defective and dangerous, by reason of which large quantities of live coals of fire were caused to be thrown from its engine upon and into the plaintiff's dwelling house. He fixes the value of the house and its contents destroyed at $5,580.45.

The issues were made up and the parties went to trial; but upon the day of the trial the plaintiff tendered an amended petition wherein he sought to have joined

with him as a joint plaintiff his wife, Hanna Stumbo, without any allegation that they were either joint owners of the destroyed house or any of the destroyed personal property. The defendant objected to the filing of the amendment, but the court overruled its objection and permitted the same to be filed; and then defendant entered its motion to require the plaintiffs to elect whether they would prosecute the suit in the name of Greenville Stumbo or Hanna Stumbo, which motion was likewise overruled. Defendant then filed special and general demurrers to the petition of Hanna Stumbo, which were overruled.

The trial proceeded and Hanna Stumbo testified as a witness, and in the progress of her testimony it was disclosed that some of the articles in the house which were destroyed by the fire were her own property. There was a verdict for the plaintiffs for $2,300.00, upon which was entered a joint judgment in favor of Greenville Stumbo and Hanna Stumbo.

It is clear that a married woman has no such interest in either the real or personal property of her living husband as makes her either a necessary or a proper party in an action by him for its destruction by negligence. Making her a party in this case could have had no effect except to make her a competent witness for her husband because of the destruction of his property, when she would not have otherwise been under the provisions of section 606 of the Civil Code.

Not only so, her cause of action for the destruction of what personal property she may have had in the house was separate and distinct from the cause of action which her husband had for the destruction of his property, and to permit them, when neither had any joint interest in the property of the other, to maintain a joint action against the railway company could have had no other purpose than to permit her to testify, incidentally for herself, but chiefly for her husband.

Then during the trial another amendment was filed over defendant's objection wherein it was alleged the female plaintiff should be permitted to recover $70.00 in addition to the original sum asserted, being the value of seven cotton mattresses destroyed in the fire, and which were not embraced within the original petition, or the exhibit filed therewith.

The two amendments, therefore, taken together were a misjoinder of causes of action; one being an action by

the husband to recover the value of his house and his goods therein destroyed, and the other a cause of action, by the wife for her property located in her husband's house which was destroyed at the same time.

Because of the error in permitting these amendments to be filed, and of the entry of a joint judgment on the verdict, the judgment must be and is reversed. But all other questions made on this appeal are expressly reserved.

The judgment is reversed, with directions to grant appellant a new trial, and for further proceedings consistent herewith.